UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL FORTIN,           ) | |
|                           ) | |
|         *Plaintiff*       ) | |
|                           ) | |
| v.                        ) | Civil No. 09-179-P-S |
|                           ) | |
| TOWN OF WELLS, et al.,    ) | |
|                           ) | |
|         *Defendants*      ) | |

*MEMORANDUM DECISION ON MOTION TO AMEND SCHEDULING ORDER AND
MOTION TO STRIKE EXPERT DESIGNATIONS*

The plaintiff seeks an amendment of the scheduling order, which was issued on June 24, 2009 (Docket No. 10), moving the deadline for his designation of expert witnesses from September 9, 2009, to November 9, 2009, and for the defendants' designation of expert witnesses from October 14, 2009 to December 9, 2009. Plaintiff's Motion to Modify the Scheduling Order ("Motion to Modify") (Docket No. 11). This motion was filed on September 23, 2009, the same day defendants Town of Wells, Richard Connelly, and Jacob Titcomb moved to strike the plaintiff's expert designations of Lou Reiter and Allan M. Feldman (Docket No. 13). On September 25, 2009, the other defendants, Town of Ogunquit, Patricia Arnaudin, Matthew Buttrick, and Michael Faia, joined in that motion. Docket No. 16.

If the plaintiff's motion were granted, all other outstanding deadlines set by the scheduling order would have to be extended by two months. The deadline for completion of discovery set by the scheduling order is November 25, 2009. The scheduling order also requires

that designation of expert witnesses be accompanied by "a complete statement of all opinions to be expressed and the basis and reasons therefor[.]" Scheduling Order (Docket No. 10) at 2.

In a letter dated September 9, 2009, the plaintiff's attorney wrote a letter to counsel for the defendants which is the only possible timely designation of expert witnesses by the plaintiff. In that letter, the attorney did not mention Mr. Feldman. Letter dated September 9, 2009 from Michael A. Feldman, Esq. to Edward Benjamin, Jr. and Douglas Louison (Exh. A to Defendants Town of Ogunquit, Patricia Arnaudin, Matthew Buttrick and Michael Faia's Opposition to Plaintiff's Motion to Amend Scheduling Order ("Ogunquit Opposition") (Docket No. 15)). The following is the entire discussion of Reiter in that letter:

> Regarding Plaintiff's expert witnesses, Plaintiff designates Lou Reiter as an expert witness. Plaintiff anticipates that Mr. Reiter will testify that Defendants used excessive force in arresting and/or restraining the Plaintiff and that had the officers been properly trained and/or supervised, it would be likely that they would not have used excessive force on the Plaintiff. Plaintiff's expert will base his opinion on statements by the Plaintiff, by Jill King, by police statements already received, and by anticipated deposition testimony as well as by Plaintiff's Answers to Interrogatories from the Defendants. I am enclosing a copy of Mr. Reiter's resume. Mr. Reiter has not as yet prepared a written report and I will forward same when it is completed.

*Id.* at [1]. A 10-page resume, which does not mention this case, is attached to the letter.

The final paragraph of the letter states as follows:

> Plaintiff reserves the right to call as an expert witness [an] economist or an accountant to provide information concerning Plaintiff's lost present and future earnings as a result of the injuries that he sustained at the time of his arrest. Plaintiff will notify the Defendants as soon as this expert is retained and will provide additional disclosure information at that time.

*Id*. at [2].

By letter dated September 11, 2009, the attorney for the Ogunquit defendants informed the plaintiff's attorney that his September 9 letter did not properly designate Reiter as an expert

witness and that the plaintiff's attorney could not reserve the right to designate an economic expert at some future time after the deadline for expert designation set by the court had run. Letter dated September 11, 2009 from Edward R. Benjamin, Jr. to Michael A. Feldman, Esq. (Exh. B to Ogunquit Opposition) at 2-3.

By letter dated September 16, 2009, the plaintiff's attorney informed counsel for the defendants as follows:

> I now have Plaintiff's expert witness on economic loss. His name is Allan M. Feldman (no relation). I am attaching his CV and fee schedule. I anticipate Mr. Feldman to testify concerning the present and future economic consequences to the Plaintiff of the injury to his left leg. I further expect Mr. Feldman to utilize Plaintiff's deposition testimony, Plaintiff's Answers to Interrogatories, and documents produced by Plaintiff to form the basis of his opinions.

Letter dated September 16, 2009 from Michael A. Feldman, Esq. to Edward Benjamin, Jr. and Douglas Louison (Exh. C to Ogunquit Opposition). At the time this letter was written, the plaintiff's deposition had not yet been taken. *Id*. In response, the attorney for the Ogunquit defendants served on the attorney for the plaintiff a written objection to his designations of Reiter and Feldman. Letter dated September 18, 2009 from Edward R. Benjamin, Jr. to Michael A. Feldman, Esq. and enclosure (Exh. D to Ogunquit Opposition). Five days later, the motions now before the court were filed.

Neither of the plaintiff's designations complies with the scheduling order. The plaintiff's motion explains this failure to comply with respect to Reiter as follows: "It is not possible for Plaintiff's expert on liability to provide a detailed statement of opinion until he is able to review the depositions of the police witnesses in this case and their supervisors." Motion to Modify at 2. He states that he "reasonably anticipates" that these depositions will be completed by October 15, 2009, "and a much more detailed statement of the opinions of Plaintiff's liability expert will

be available to the Defendants no later than November 9[], 2009." *Id*. With respect to Feldman, the motion states only that his "report will be based upon statements made by the Plaintiff under oath at his deposition" scheduled for October 7, 2009 and will be available "no later than November 1[], 2009." *Id*. The same statements are repeated in the plaintiff's response to the defendants' objections and motion to strike. Plaintiff's Reply to Defendants' Objections to Plaintiff's Expert Designation ("Plaintiff's Reply") (Docket No. 14) at [1]-[2].

What is a "timely fashion" for disclosure of expert witnesses and their opinions is determined by the scheduling order.

> That is not a matter to be determined at the convenience of the expert witness, particularly when no reason is given why the expert cannot comply with the deadline set in the court's scheduling order. An expert's complete report is due at a specific time during the discovery period in order to allow opposing counsel to depose the expert, if desired, and to allow the opposing party's expert witness time to respond to the opinions expressed in the report, also within the discovery period, so that the plaintiff's counsel will also have an opportunity to explore those opinions before the end of discovery and the deadline for the filing of dispositive motions. . . . An expert can always supplement his or her opinions after submitting a report, should the need arise.

*Griffith v. Eastern Maine Med. Ctr.*, 599 F.Supp.2d 59, 63-64 (D. Me. 2009) (citations omitted).

The First Circuit has provided clear guidance on this issue:

> The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them. The Civil Rules provide in pertinent part that a party who "without substantial justification fails to disclose information required by Rule 26(a)[1]. . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). . . . We have explained before that Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."

*Lohnes v. Level 3 Comm's., Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (citations omitted).

---

[1] The requirements of Rule 26(a)(2)(A) and (B) are incorporated by reference in the scheduling order. Scheduling Order at 2.

4

This authority, the lack of any explanation for the initially-tardy disclosure of Feldman,[2] and the obvious fact that Feldman had no need to wait for the plaintiff's deposition to have that testimony available for his opinion (the plaintiff being free to convey directly to his expert any information he might convey at deposition) make the necessary outcome of the motion to strike the plaintiff's designation of his economic expert witness readily apparent. The motion is **GRANTED** as to Feldman. No extension of the scheduling order deadlines is accordingly necessary with respect to this proposed witness.

With respect to Reiter, the argument made by the plaintiff could be made by any plaintiff in any civil action in which expert testimony is needed. An expert witness's expected testimony will always be more complete and focused after the defendant's testimony or the defendant's version of events is on record under oath. That fact does not justify a refusal to provide an initial, complete expert designation, based on the information available to the plaintiff before depositions are taken, in this case, for example, police reports, witness statements, and the plaintiff's version of events as told to the expert. If a retained expert for a plaintiff refuses to provide information necessary for a complete statement of her opinion, without transcripts of the depositions of the defendants, plaintiff's counsel should schedule those depositions at the start of discovery, or find another expert.

The plaintiff's failures to provide sufficient and timely expert witness designations in this case cannot reasonably be deemed harmless. He offers two proposed alternatives. First, he suggests that the defendants "can and should designate Defendants' experts as ordered by the

---

[2] It should go without saying that a party cannot unilaterally arrogate to itself the "right" to designate expert witnesses at any date after the deadline set by this court's scheduling order. If the party legitimately needs more time, a motion to amend the scheduling order must be submitted, before the deadline set by the scheduling order. If the motion is filed after the applicable deadline, as is the case here, the motion may be granted only if the moving party demonstrates excusable neglect. *E.g., Envisionet Computer Servs., Inc. v. Microportal.Com, Inc.*, No. 00-CV-225-P-H, 2001 WL 27539 (D. Me. Jan. 9, 2001), at *1. The plaintiff has made no attempt to do so.

Court," while he will "supplement[]" his designations "on or before November 9[], 2009," Plaintiff's Reply at [1]-[2], thus requiring the defendants to designate their experts on October 14, 2009, the date now set by the scheduling order, with virtually no information about what the plaintiff's experts will opine. The harm to the defendants from this alternative is obvious, as is the harm to the court's scheduling procedures and the reasons for which they have been instituted. *See, e.g., Griffith*, 599 F.Supp.2d at 65.

The plaintiff's second alternative is to extend all of the scheduling order deadlines not yet passed (except his deadline for expert designation) by two months. Motion to Modify at 2-3. Again, the harm is readily apparent. The defendants will have to wait at least an additional two months for this matter to be resolved, while incurring litigation expenses, and the court's scheduling procedure will have been disrupted for no proffered reason other than the plaintiff's convenience. The burden is on the party that has failed to comply with discovery deadlines to establish that its failure is harmless. *Downeast Ventures, Ltd. v. Washington County*, 450 F.Supp.2d 106, 111 (D. Me. 2006). Here, the plaintiff has made no attempt to do so. Nor has he shown substantial justification for his late designations. *See Peterson v. Scotia Prince Cruises, Ltd.*, 222 F.R.D. 216, 217 (D. Me. 2004).

For the foregoing reasons, the plaintiff's motion to modify the scheduling order is **DENIED** and the defendants' motions to strike the plaintiff's designations of Lou Reiter and Allan Feldman as expert witnesses is **GRANTED.**

Dated this 13th day of October, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge