UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL FORTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 09-cv-179-P-S |
| | ) |
| TOWN OF WELLS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Michael Fortin brings this action against Defendants the Town of Wells, Wells Chief of Police Richard Connelly, and Wells police officer Jacob Titcomb, as well as the Town of Ogunquit, Ogunquit Chief of Police Patricia Arnaudin, and Ogunquit officers Matthew Buttrick and Michael Faia alleging that they violated his constitutional rights pursuant to 42 U.S.C. § 1983 and the Maine Civil Rights Act by using excessive force during his arrest. Plaintiff also brings a state law claim of negligence.

Before the Court are Defendants Arnaudin, Buttrick, Faia and the Town of Ogunquit's Motion for Summary Judgment (Docket # 23) and Defendants Connelly, Titcomb, and the Town of Wells's Motion for Summary Judgment (Docket # 32). As explained herein, the Court GRANTS IN PART and DENIES IN PART the motions.

**I.    SUMMARY JUDGMENT STANDARD**

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trial-worthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial-worthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

## II. FACTUAL BACKGROUND[1]

The facts, viewed in the light most favorable to the Plaintiff, are as follows. On the evening of May 26, 2007, the Town of Ogunquit received a phone call reporting a domestic incident between a man and woman occurring in an older model red Volkswagen convertible with a license plate containing the numbers 35750. Officer Matthew Buttrick overheard the report of this incident and, while on patrol, located a car matching this description at 290 North Village Road in Wells, Maine. Upon reporting this information to dispatch, Officer Michael Faia, another Ogunquit officer, responded to provide assistance. Because Buttrick located the car in the town of Wells, he called dispatch and requested that a Wells officer be sent to the scene. Wells Officer Jacob Titcomb responded.

---

[1] The Court notes that the motion practice in this case was far from ideal. Initially, defense counsel for Officer Titcomb committed what he termed a "scrivener's error" by failing to move for summary judgment on behalf of Officer Titcomb. (Mot. to Amend (Docket # 26) at 1.) Although the Court doubts that such error is correctly termed a "scrivener's error," the Court allowed Defendants to amend their motion after the motion deadline had passed. (Docket # 31.)

Next, Plaintiff utterly failed to comply with the procedures set forth in Local Rule 56. Instead of specifically responding to each numbered paragraph of Defendants' statements of material fact, Plaintiff simply submitted his own Statement of Material Facts. (Docket # 30.) Because Plaintiff failed to specifically respond to Defendants' statement of material facts, the Court could deem those properly supported by a record citation as admitted. Local Rule 56(f). However, upon being notified of his failure to comply with Local Rule 56, Plaintiff moved for additional time to amend his Statement of Material Facts and attempted to comply with the Rule. (Docket # 44.) Although untimely, the Plaintiff's efforts assisted the Court in determining what material facts are actually in dispute, which comports with the spirit and the purpose of the Local Rule. See Toomey v. Unum Life Ins. Co. of America, 324 F. Supp. 2d 220, 222 n.1 (noting that Local Rule 45 is "intended to focus both the parties and the Court on what facts are actually in dispute."). The Court will excuse Plaintiff's failure to comply in this instance, but Plaintiff's counsel is on notice that the Court may not be so generous in the future. In light of the above, Plaintiff's Amended Motion for Leave to File (Docket # 41), Motion to Extend Time for Filing a Statement of Material Facts (Docket # 44) and Motion to Amend his Memorandum in Opposition (Docket # 48) are GRANTED. The Court has considered the amended documents in ruling on Defendants' summary judgment motions.

The Court would additionally note that Defendants failed to comply with the spirit of Local Rule 56 in their own right. Defendants must be aware that the Court is required to view the facts in the light most favorable to the Plaintiff in ruling on a motion for summary judgment. Local Rule 56 states that each party shall set forth the facts "as to which the moving party contends there is no genuine issue of material fact to be tried." Defendants' statements of material fact contain a number of facts that are clearly disputed by Plaintiff, such as whether he actively resisted the officers' attempts to arrest him. Local Rule 56 is not intended to be a mechanism by which a party can have facts that are clearly central to the case, and hotly disputed by the evidence, admitted if the opposing party fails to comply with the mechanics of the Rule. Defendants' attempt to litigate in this manner is ill-advised and should not be pursued in the future.

Plaintiff Michael Fortin lived with his then-girlfriend Jill King in a house at 290 North Village Road. At the time the officers arrived at his house, Plaintiff had consumed at least five alcoholic beverages and was visibly intoxicated. Plaintiff was standing in the kitchen of his house when he heard the side door open and saw officers Faia and Buttrick enter. The officers said they wanted to ask him a couple of questions and Plaintiff asked them to wait outside. The officers did not leave. Plaintiff yelled to King, who was upstairs taking a shower, that police officers were in the house and asked her to come downstairs. King peeked her head around the corner and told the officers that she would come outside to speak with them after she got dressed. The officers left the house and Plaintiff shut the glass door behind them. The officers could still see into the house from their vantage point outside.

After getting dressed, King came downstairs and headed for the door. Plaintiff went over, put his arm around King and told her that she did not have to speak with or let the officers into the house. King then went outside to speak with the officers; Plaintiff remained in the kitchen. Seconds after King left the house, Officers Buttrick and Titcomb entered and approached Plaintiff. Plaintiff yelled out to King asking if she had authorized the officers to enter the home. Plaintiff then touched Officer Titcomb and asked him to leave. The officers remained in the residence and were questioning Plaintiff about the incident reported earlier in the evening. Plaintiff refused to answer their questions.

Plaintiff then attempted to go outside to speak with King.[2] To do so, he had to pass by Officer Buttrick. Buttrick told Plaintiff that he needed to stay inside and answer their questions. Plaintiff walked into Buttrick, pushing his chest into Buttrick's chest. One of the officers yelled out "Take him down." Plaintiff put his arms out to his side and Buttrick and Titcomb each

---

[2] The following events are hotly disputed by the parties. As this is a motion for summary judgment, the Court does not judge the credibility of the witnesses, but must credit Plaintiff's testimony and view all facts in his favor.

4

grabbed one. Plaintiff alleges that he did not move and did not resist. The officers lifted Plaintiff and twisted his body. Plaintiff alleges that one officer was standing on his foot while the other was kicking him repeatedly in the leg. Faia and King then reentered the house. Faia placed his hand on Plaintiff's back to keep all of them away from a glass table.

At some point, Plaintiff felt his left leg give way in a sensation that felt like it was breaking. Plaintiff fell to the ground and the officers placed him in handcuffs. Plaintiff was taken by ambulance to the hospital, then on to the jail. Plaintiff's left leg showed significant bruising in the days afterward. Plaintiff later had his knee examined by a specialist who diagnosed him as having ruptured three of the four ligaments in his left knee. Plaintiff's treating physician testified that these types of injuries are likely caused by the application of significant force to the knee. Plaintiff has had three surgeries to repair his knee and will have permanent limitations. Prior to this incident, Plaintiff had no knee problems.

Based on these events, Plaintiff brings claims against the individual officers for using excessive force in violation of his Fourth Amendment rights (Count I) and the Maine Civil Rights Act (Count V). Plaintiff also alleges that the individual officers were negligent in their use of force (Count IV). Plaintiff brings claims for failure to supervise and/or train, as well as having unconstitutional policies, practices or customs against the Town of Wells and Police Chief Richard Connelly (Count II) and the Town of Ogunquit and Police Chief Patricia Arnaudin (Count III).

## III. DISCUSSION

Defendants Town of Ogunquit, Town of Wells, Patricia Arnaudin, and Richard Connelly have moved for summary judgment as to all claims against them. In his response to these motions, Plaintiff concedes that, on the record before the Court, entry of summary judgment is appropriate as to these Defendants. Accordingly, Defendants' Motions for Summary Judgment are granted to the extent they seek dismissal of Counts II and III of Plaintiff's Complaint. Defendants Patricia Arnaudin, Richard Connelly, Town of Wells, and Town of Ogunquit are dismissed.

### A. Plaintiff's Claims Under 42 U.S.C. § 1983 and 5 M.R.S.A. § 4682[3] Against the Individual Defendants (Counts I and V)

Plaintiff contends that Defendants violated his Fourth Amendment right to be free from unlawful seizure when they used excessive force during his arrest. Defendants ask the Court to conclude that they are entitled to qualified immunity on these claims.

The First Circuit applies a three-part test to determine whether a defendant is entitled to qualified immunity: (1) whether there was a violation of a constitutional right; (2) whether that constitutional right was clearly established at the time of the incident; and (3) whether a reasonable officer in the defendant's situation would have understood that his conduct violated a clearly established right. Asociacion de Periodistas de Puerto Rico v. Mueller, 529 F.3d 52, 57 (1st Cir. 2008). The Court will address each prong, in turn, below.

#### 1. Was there a constitutional violation?

"To establish a Fourth Amendment excessive force violation, the plaintiffs must show that the defendants employed force that was unreasonable under the circumstances." Mueller,

---

[3] Plaintiff's claims under 42 U.S.C. § 1983 and 5 M.R.S.A. § 4682 are coextensive and will be analyzed together. See Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008).

6

529 F.3d at 59.  Among the factors which the Court is to consider when determining whether the degree of force was reasonable are the severity of the crime at issue, the threat to the safety of the officers or others, and whether the plaintiff was fleeing or otherwise resisting arrest.  Saucier v. Katz, 533 U.S. 194, 205 (2001).

Plaintiff was arrested on two counts of assault and one count of obstructing government administration.  The acts underlying the alleged assaults involved Plaintiff bumping Officer Buttrick with his chest and touching Officer Titcomb on the shoulder.  The obstruction charge was based on Plaintiff's failure to answer the officers' questions during their investigation of the domestic violence call.  Though these actions may be unlawful,[4] and certainly both assault and obstruction can be severe crimes, the Court would not characterize the acts underlying the crimes in this case as severe.

Other than the ever-present risk associated with an obviously intoxicated person, Plaintiff did nothing to suggest that the officers should be fearful of their safety.  He had no weapon and made no threats to the officers.  At the time the arrest occurred, King was outside with Officer Faia and, therefore, no threat to others existed.  Viewing the facts in the light most favorable to Plaintiff,[5] the record shows that Plaintiff was not fleeing or resisting arrest in any manner.  Once the officers yelled out "Take him down," Plaintiff put his arms out to the side and did not fight their efforts to restrain him.

Plaintiff has presented evidence showing that he was kicked by the arresting officers with enough force to cause significant bruising and rupture three of the four ligaments in his knee.  Considering all of the above, a jury could conclude that Buttrick and Titcomb used an

---

[4] The Court notes that the charges for assault on Buttrick and Titcomb were not pursued by the district attorney's office.

[5] Whether Plaintiff was actively resisting arrest is hotly disputed by the parties.  However, because Plaintiff denies that he was resisting, the Court must assume that fact is true for the purposes of summary judgment.

unreasonable degree of force to effectuate Plaintiff's arrest. See Smith v. Jackson, 463 F. Supp. 2d 72, 79 (D. Me. 2006) (denying summary judgment on an excessive force claim when the degree of force used was similar); Fowles v. Stearns, 886 F. Supp. 894, 901 (D. Me. 1995 (finding a Fourth Amendment violation when police officers punched and kicked a handcuffed plaintiff who was not resisting arrest).

However, it is undisputed that Officer Faia's only role was to grab Plaintiff to keep him from going backwards into a glass table. Faia was outside of the house interviewing Ms. King when Buttrick and Titcomb decided to forcefully take Plaintiff into custody and entered only after they were grappling with Plaintiff. Plaintiff admits that only two officers were involved with the force used against him. Those two officers are Buttrick and Titcomb.

Plaintiff argues that there is a trial-worthy question as to whether Faia could be held liable for the excessive force used by Buttrick and Titcomb under a failure to intervene theory. But "[a] police officer cannot be held liable for failing to intercede if he has no realistic opportunity to prevent an attack." Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (internal quotation omitted). It is undisputed that the incident at issue here lasted only a matter of seconds. Thus, Plaintiff has failed to establish that Faia had a reasonable opportunity to intervene and prevent the other Defendants' use of force in this case.

Because Plaintiff has failed to establish a trial-worthy issue as to whether Defendant Faia used excessive force against him, Defendant Faia's Motion for Summary Judgment is GRANTED in this regard.

    2.   Whether the right was clearly established

The Court proceeds to consider the next step in the qualified immunity analysis as to the two remaining defendants, Officer Buttrick and Officer Titcomb. The Fourth Amendment's

general proscription on the use of excessive force during an arrest is undoubtedly clearly established. See Saucier, 533 U.S. at 201-02. More specifically, the First Circuit has held that "minimal force" is called for when effectuating the arrest of a suspect that poses no risk of flight, was not resisting arrest, and posed no risk to the safety of the officers or others. See Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 353 (1st Cir. 1995); see also Wierstak v. Heffernan, 789 F.2d 968, 974 (1st Cir. 1986) (evidence showing that officer repeatedly struck non-resisting plaintiff in the head with a revolver supported jury verdict). Additionally, it has been deemed unconstitutional to use force sufficient to break a bone if the plaintiff is not actively resisting arrest. Smith v. Mattox, 127 F.3d 1416, 1418 (11th Cir. 1997). Thus, the Court has little difficulty in concluding that the constitutional violation which occurred in this case was clearly established.

### 3. Whether a reasonable officer would have understood his actions to violate the Fourth Amendment

The third inquiry involves "whether a similarly situated reasonable official would have understood that the challenged action violated the constitutional right at issue." Mihos v. Swift, 358 F.3d 91, 102 (1st Cir. 2004). Reasonable officers would have known that kicking a non-resisting, non-threatening suspect with enough force to cause significant bruising and to rupture three ligaments in his knee violated the Fourth Amendment. See Smith v. Jackson, 463 F. Supp. 2d 72, 80 (D. Me. 2006); Comfort v. Pittsfield, 924 F. Supp. 1219, 1229 (D. Me. 1996); Fowles v. Stearns, 886 F. Supp. 894, 901 (D. Me. 1995).

Having answered each of the three prongs of the qualified immunity test in the affirmative, the Court finds that Defendants Buttrick and Titcomb are not entitled to qualified immunity and "resolution of the lawfulness of the Officers' use of force is thus preserved for the

fact-finder." Comfort, 924 F. Supp. at 1229. Defendant Buttrick's and Titcomb's summary judgment motions are denied as to Counts I and V.

### B. Plaintiff's Tort Claims (Count IV)

Plaintiff states a claim for negligence against Buttrick and Titcomb alleging they negligently used excessive force which resulted in his knee injury. Defendants move for summary judgment based on immunity pursuant to the Maine Tort Claims Act ("MTCA"), 14 M.R.S.A. § 8101 et seq. Defendants assert that Plaintiff's negligence claim is barred by the discretionary function immunity of the MTCA. See 14 M.R.S.A. § 8111(1)(C); Ellis v. Meade, 887 F. Supp. 324, 330-31 (D. Me. 1995); Roberts v. State, 731 A.2d 855, 857-58 (Me. 1999). Plaintiff contends that the Individual Defendants exceeded their discretion, thereby losing their immunity.

The MTCA provides absolute immunity for state employees "[p]erforming or failing to perform any discretionary function or duty, whether or not the discretion is abused." 14 M.R.S.A. § 8111(1)(C). "A law enforcement official's use of force is a discretionary act." Comfort, 924 F. Supp. at 269. Though the MTCA provides for immunity even if the discretion is abused, if an officer exceeds the scope of his discretion, he may lose the immunity. Richards v. Town of Eliot, 780 A.2d 281, 292 (Me. 2001).

The Maine Law Court has held that "[i]f the officer uses excessive force in executing an arrest, such action is beyond the scope of the officer's discretion." Id. As discussed above, the Court has found that there is a trial-worthy issue as to whether Defendants Buttrick and Titcomb used excessive force in effectuating Plaintiff's arrest. Accordingly, summary judgment is inappropriate on the negligence claim as to these Defendants.

10

As to Defendant Faia, however, because the Court has already concluded that there is no factual dispute as to whether he used excessive force, there is also no factual dispute as to whether he abused his discretion. Defendant Faia is entitled to summary judgment on Plaintiff's negligence claim and such claim is dismissed.

### C. Punitive Damages

Defendants move for summary judgment on Plaintiff's request for punitive damages. To recover punitive damages from Defendants Buttrick and Titcomb under section 1983, Plaintiff must show that these officers acted with reckless or callous disregard for his rights or that they intentionally violated federal law. See Smith v. Wade, 461 U.S. 30, 49-51 (1983). In addition, for the Court to award Plaintiff punitive damages on his Maine Civil Rights Act claim, he must show that the officers acted with malice. See Comfort v. Town of Pittsfield, 924 F. Supp. 1219, 1238 (D. Me. 1996); McAlister v. Slosberg, 658 A.2d 658, 660 (Me. 1995). On this record, a reasonable juror could find that Officers Buttrick and Titcomb acted with reckless or callous disregard for Plaintiff's Fourth Amendment rights or that they acted with malice. Punitive damages have been upheld on excessive force cases in the past. See Nydam v. Lennerton, 948 F.2d 808, 811 (1st Cir. 1991) (affirming award of $100,000 in punitive damages on excessive force claim). Accordingly, summary judgment is denied in this regard.

### IV. CONCLUSION

For the reasons explained herein, Defendants' Motions for Summary Judgment (Docket #s 23 & 32) are GRANTED IN PART and DENIED IN PART. In accordance with these rulings, Counts II and III are dismissed with prejudice in their entirety. Counts I, IV and V are dismissed with prejudice as to Defendant Michael Faia but remain pending as to Defendants

Matthew Buttrick and Jacob Titcomb.  Defendants Town of Wells, Town of Ogunquit, Patricia Arnaudin, Richard Connelly, and Michael Faia are dismissed with prejudice as defendants to this matter.

     SO ORDERED.

                                              /s/ George Z. Singal  
                                            United States District Judge

Dated this 11th day of May, 2010.