UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHAEL FORTIN,                )
                               )
    *Plaintiff*          )
                               )
v.                             )   Civil No. 09-179-P-R
                               )
JACOB TITCOMB and              )
MATTHEW BUTTRICK,              )
                               )
    *Defendants*         )

## MEMORANDUM DECISION ON MOTIONS IN LIMINE

The plaintiff, Michael Fortin, moves *in limine* for an order prohibiting the defendants from introducing into evidence at trial his misdemeanor convictions for operating under the influence of liquor on January 11, 2007, and July 14, 2009. Plaintiff's Motion in Limine (Docket No. 82). Defendant Matthew Buttrick moves *in limine* to exclude from trial the testimony of three witnesses first identified as such by the plaintiff in his final pre-trial memorandum. Defendant's Motion in Limine to Exclude Testimony of Plaintiff's Lay Witnesses ("Buttrick Motion") (Docket No. 88). I grant the plaintiff's motion, with an important caveat, and grant Buttrick's motion.

### A. The Plaintiff's Motion

Defendant Titcomb opposes the plaintiff's motion *in limine*. Opposition to Plaintiff's Motion in Limine of Defendant [] Jacob Titcomb ("Titcomb Opposition") (Docket No. 86). Defendant Buttrick "concedes that he will be unable to introduce in evidence Plaintiff's prior OUI convictions[.]" Defendant Buttrick's Oppos[]ition to Plaintiff's Motion in Limine (Docket

1

No. 89) at 2. Defendant Titcomb, on the other hand, suggests that the plaintiff's second OUI conviction "may[] in fact be punishable by imprisonment in excess of one year[,]" in which case he would be able to use it for purposes of impeachment. Titcomb Opposition at 1. Speculation is not enough at this stage of the proceedings, on the eve of trial. Titcomb offers no citation to authority and no evidence to support his position. On the showing made, his opposition cannot carry the day.[1]

The plaintiff's motion is granted. However, as Buttrick points out, Buttrick Opposition at 2-3,[2] the defendants should be allowed to show that the plaintiff has, or had at some relevant time, a suspended driver's license, to the extent that the plaintiff claims a loss of earnings or earning capacity in employment where such employment would require him to drive. The reason *why* the plaintiff's license was suspended, apparently the OUI convictions, may not be mentioned.

## II. Buttrick's Motion

Defendant Buttrick asks the court to exclude three witnesses listed by the plaintiff for the first time in his pretrial memorandum: Joseph Fortin, Marco Guilmette,[3] and Michael Taylor. Buttrick Motion at 1. These witnesses are numbers 3, 4, and 6 on the plaintiff's recently-submitted witness list (Docket No. 95). As Buttrick points out, the scheduling order issued by the court in this case required the parties to provide initial disclosures by July 22, 2009. Scheduling Order (Docket No. 10) at 2. The plaintiff's initial disclosure, on July 24, 2009, did not list any of these individuals. Buttrick Motion, Exh. A.

---

[1] This ruling may be revisited at trial, should Titcomb produce the necessary evidence and/or authority to support his position.
[2] Titcomb's opposition also mentions the need to use the fact that the plaintiff lost his right to operate a motor vehicle at times that may be relevant to his claimed damages. I reiterate that the right to place the license suspension before the jury does *not* include the right to inquire about the reason or reasons for the suspension.
[3] This individual's last name is spelled "Gilmette" in Buttrick's motion and in the plaintiff's opposition to the motion. It is spelled "Guilmette" in the plaintiff's witness list (Docket No. 95).

The defendants served interrogatories on the plaintiff that included a request for the names and contact information of each person whom the plaintiff intended to call as a witness at trial. The plaintiff's response listed none of these individuals, although it did state that the plaintiff's attorney "may call other witnesses, including the Defendants and the police officers involved in this incident." Exh. B to Buttrick Motion, at 2.

Discovery ended on November 25, 2009. Scheduling Order at 2. On June 29, 2010, the plaintiff first listed these individuals as trial witnesses in his pretrial memorandum. Docket No. 65 at 4. No description of their expected testimony was provided. *Id*.

The applicable procedural rule requires supplementation of an initial disclosure "if the additional . . . information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1). If a party fails to identify a witness as required by Rule 26, "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The plaintiff does not offer any justification for his failure to comply with these orders and rules. Instead, he points to instances in which counsel for the defendants did not request additional information, presumably about possible additional witnesses. Specifically:

- "At no time did Defendant request additional information [about the statement in the plaintiff's response to interrogatories that 'my attorney may call other witnesses']."

- The plaintiff was not asked at his deposition "to supply the names of other people who may have other knowledge about his claim for injuries or damages."

- Buttrick "did not file or raise any objection to the inclusion of these potential witnesses in Plaintiff's Pretrial Memorandum, filed more than 2 months before trial."
- Counsel for Buttrick did not suggest at the final pretrial conference, held on July 12, 2010, "that the issue he now raises needed to be addressed, despite the fact that he had knowledge of the three witnesses. Defendant had ample opportunity to bring his concerns to the Court's attention at that time, yet he did not raise an objection to Plaintiff's proposed witnesses and did not request an opportunity to conduct any limited discovery regarding" those witnesses.
- Counsel for Buttrick did not raise any objection at jury selection, on August 2, 2010, when the names of each of these individuals were read to the jury pool. "The jury has already heard that one of the listed witnesses shares the same last name as Plaintiff. Yet again, Defendant did not raise any objection."

Response in Opposition to Defendant Buttrick's Motion in Limine to Exclude Lay Witnesses ("Buttrick Opposition") (Docket No. 91) at [1]-[2].

This response ignores the fact that the plaintiff was *required* to disclose the names of these witnesses, by the Federal Rules of Civil Procedure and by this court's scheduling order, at or by certain times, and he did not do so. The litany of dates he recites upon which counsel for Buttrick "failed" to object to his late and incomplete listing of these witnesses includes not one instance in which the defendants were similarly required to take action.

The plaintiff also cites the fact that the non-moving defendant, Jacob Titcomb, listed only six witnesses in his initial disclosure and 14 witnesses in his pretrial memorandum, yet neither the plaintiff nor Buttrick has objected. *Id*. at [3]. This recitation does not mention whether the

4

additional witnesses were also identified by Titcomb during discovery or at some other time before his pretrial memorandum was filed and, in any event, the plaintiff's willingness to overlook a similar transgression by another party is no reason to excuse him from his own disclosure responsibilities.

The plaintiff cites, *id.*, a decision of the Fourth Circuit in which a witness first identified only 28 days prior to trial was allowed to testify. *Rowland v. American Gen'l Fin.*, 340 F.3d 187, 195-96 (4th Cir. 2003). That case emphasizes the trial court's discretion in deciding whether to allow a late-identified witness to testify. *Id.* In no sense does it hold that a trial court is *required* to allow such witnesses to testify.

More valuable for, and directly applicable to, the situation presented in this case is the holding of the First Circuit in *Grajales-Romero v. American Airlines, Inc.*, 194 F.3d 288 (1st Cir. 1999). There, the appeals court found no abuse of discretion in the trial court's refusal to allow "new witnesses [who] had not been properly disclosed during the course of discovery" to testify at trial. *Id.* at 297. *See also Cook, Stratton & Co. v. Universal Ins. Group, Inc.*, Civ. No. 05-2173(PG), 2010 WL 1508469, at *2-*3 (D.P.R. Apr. 13, 2010).

Again, and most significantly, the plaintiff has made no attempt to show that his failure to name these witnesses in a timely fashion was justified. That reason alone would suffice to justify their exclusion. Nor do I see any harm to the plaintiff in the fact that the name of Joseph Fortin was read to the jurors at the time of jury selection as a potential witness, if he is not allowed to testify. The jury was advised that the witnesses identified were prospective witnesses only and that the parties were not representing that they would necessarily call each of them.

The plaintiff may not call Joseph Fortin, Marco Guilmette, or Michael Taylor to testify at trial.

Dated this 26th day of August, 2010.

                                              <u>/s/ John H. Rich III</u>
                                              John H. Rich III
                                              United States Magistrate Judge