UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL FORTIN, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 09-179-P-R |
| | ) | |
| JACOB TITCOMB and | ) | |
| MATTHEW BUTTRICK, | ) | |
| | ) | |
|     *Defendants* | ) | |

*MEMORANDUM DECISION ON MOTIONS TO ALTER OR AMEND JUDGMENT*

Several post-trial motions have been filed in this excessive-force action since the jury verdict and the entry of judgment (Docket No. 128). The plaintiff has filed a motion to amend the judgment, for relief from judgment, or for a new trial. Docket No. 140. Each defendant has filed a motion to alter or amend the judgment. Docket Nos. 130 & 132. I deny the plaintiff's motion and grant those filed by the defendants.

**I. The Plaintiff's Motion**

The plaintiff contends that the jury's award of $125,000 in damages on his negligence claim is "inconsistent and cannot be reconciled with its finding that Plaintiff was less negligent than the Defendants" when it reduced an initial award of $300,785 to $125,000 to account for the plaintiff's own negligence. Plaintiff's Motion to Amend Judgment or For Relief from Judgment, or, in the Alternative, for a New Trial ("Plaintiff's Motion") (Docket No. 140) at 3. All of his arguments and requests for relief rest on this assertion. However, Maine case law clearly holds

1

that a jury's dollar reduction for comparative negligence need not be commensurate with its assessment of the plaintiff's quantum of liability for his own injury.

In *Jackson v. Frederick's Motor Inn*, 418 A.2d 168 (Me. 1980), the Law Court upheld a 60% reduction in the damages award against the same argument made by the plaintiff here. It added:

> The statutory caveat that the jury have regard to the claimant's share in the responsibility for the damages in reaching a just and equitable assessment does not require an apportionment of equal mathematical proportion as the jury may have viewed the parties' causative fault in determining the liability issue, but merely directs that consideration should be given to that particular factor with such weight or significance given to it as under all the circumstances it should merit.

*Id.* at 174.

Later, in *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220 (Me. 1995), the Law Court held again that "[t]he plain meaning of the statutory language [in 14 M.R.S.A. § 156] allows a jury to award damages in disproportion to its determination of liability." *Id.* at 223. In that case, it upheld a reduction in the amount of damages by over 80% (from $250,000 to $40,000) when the plaintiff had been found to have been less negligent than the defendant. *Id.* at 221, 223.

In this case, the verdict form specifically directed the jurors as follows:

> To what dollar amount is the plaintiff's total compensatory damages recorded in response to Question 9 to be reduced after deducting a just and equitable sum to account for the plaintiff's own negligence in causing his damages? (This will be the actual amount awarded to the plaintiff on the negligence claim. Do NOT record the amount of the deduction; record the total damages award after the deduction has been made.)

Verdict (Docket No. 124), Question 13. These directions are quite clear. The jury instructions also addressed this subject:

> If, however, you determine that the fault of the plaintiff is less than that of any defendant whom you have found to be negligent and not immune,

2

> then you must make a just and equitable apportionment of any damages you find to have been caused by that defendant's negligence. You will do this by recording the total damages resulting from the negligence that would have been recoverable if the plaintiff had not been negligent at all, and then reducing that total amount by any amount that you regard as just and equitable in light of the plaintiff's negligence.

Jury Instructions (Court Exh. 2) at 10.

The language of the verdict form and the jury instructions is clear. In support of his various requests for relief, the plaintiff offers only speculation, albeit speculation dressed in absolute language, that is without basis in law or fact. That is not enough.

I note as well that the plaintiff did not object to the instructions or the verdict form before the jury retired to deliberate. In such circumstances, a party will be found to have waived any objections to either. *Rooney v. Sprague Energy Corp.*, 554 F.Supp.2d 39, 43 (D. Me. 2008). My denial of the plaintiff's motion is not based on waiver, but this doctrine provides additional support for my conclusion.

## II. The Defendants' Motions

Both defendants move to alter or amend the judgment to limit the damages awarded to the plaintiff to $10,000 against each of them, in accordance with the terms of the Maine Tort Claims Act. Defendant[] Jacob Titcomb's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) ("Titcomb Motion") (Docket No. 132) & Defendant Matthew Buttrick's Motion to Alter, Amend and/or For Relief from Judgment ("Buttrick Motion") (Docket No. 130). They rely on the following statutory language:

> Except as otherwise expressly provided by section 8111 ["Personal immunity for employees; procedure"] or by any other law, and notwithstanding the common law, the personal liability of an employee of a governmental entity for negligent acts or omissions within the course and scope of employment shall be subject to a limit of $10,000 for any such claims arising out of a single occurrence and the employee is not liable for any amount in excess of that limit on any such claims.

3

14 M.R.S.A. § 8104-D. Section 8111 deals with immunity for individual public employees, which is not at issue here. 14 M.R.S.A. § 8111.[1]

The parties agree that section 8104-D applies to the two defendants under the circumstances of this case. They differ on the question of whether 14 M.R.S.A. § 8116 applies as well, and, if it does, how it affects the amount that the plaintiff may recover. That statute provides, in relevant part:

> [A]ny political subdivision [of the State] may procure insurance against liability for any claim against it or its employees for which immunity is waived under this chapter or under any other law. If the insurance provides protection in excess of the limit of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limit imposed by section 8105. If the insurance provides coverage in areas where the governmental entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage.

14 M.R.S.A. § 8116.

The defendants contend that the "plain meaning" of section 8104-D dictates that any judgment against each of them in this case must be limited to $10,000. Buttrick Motion at 7; Titcomb Motion at 2-3. The plaintiff responds that, because the towns of Wells, which employs defendant Titcomb, and Ogunquit, which employed defendant Buttrick at the time of the events giving rise to this case, both obtained insurance with policy limits of $1,000,000, those limits apply to his recovery against the defendants under the Maine Tort Claims Act. Plaintiff's Amended Objection to Defendants' Motions to Alter or Amend ("Opposition") (Docket No. 142) at 3. To the extent that this argument is based upon an assertion that the mere existence of section 8116 waives the limits of section 8104-D once insurance is obtained, that assertion has

---

[1] A governmental entity is required to purchase insurance or self-insure to insure its employees against their personal liability "to the limit of their liability under section 8104-D[.]" 14 M.R.S.A. § 8112(8).

4

been rejected by the Maine Law Court. *Moore v. City of Lewiston,* 596 A.2d 612, 616 (Me. 1991).

The plaintiff contends that, because the defendants did not attach attested copies of their respective insurance coverage provisions to their motions, their motions must be denied. Opposition at 6. However, if the plaintiff were correct in his analysis of the procedural requirements for motions to amend a judgment, the result would be that the motions would be granted. That is so because the plaintiff has proffered no evidence to support his assertion that "[l]iability insurance has been purchased for both of these Defendants, with coverage limits of $1 million." *Id*. at 1-2. *See generally Mashpee Tribe v. New Seabury Corp.*, 592 F.2d 575, 589 (1st Cir. 1979) ("[N]ormally the party asserting the affirmative of a proposition should bear the burden of proving that proposition."). Absent any evidence of the existence of any insurance coverage that could be considered by the court, the provisions of 14 M.R.S.A. § 8104-D would, by their terms, operate to require that the motions be granted.

Defendant Titcomb's submission of the relevant attested portions of Wells' policy for the first time with his reply memorandum is undoubtedly late. I set no store by his counsel's assertion that the existence of this policy was "disclosed . . . in the Defendant's Initial Disclosures and at no point following such disclosure did the Plaintiff make any requests for the insurance documents[.]" Defendant Jacob Titcomb's Reply to Plaintiff's Objection to Defendant's Motion to Alter or Amend (Docket No. 147) at 1. As I have noted, however, striking that document from the record would only result, on the showing made, in the granting of the motion.

Defendant Buttrick relies on an attesting affidavit and coverage statement from his pool insurance submitted in connection with his motion for summary judgment before trial. Buttrick

5

Motion at 2. The plaintiff admitted the relevant paragraphs in Buttrick's statement of material facts in support of Buttrick's motion for summary judgment and did not limit the effect of his responses in any way. While there is some support for the proposition that information properly before the court in connection with a motion for summary judgment may later provide the basis for decision on a motion to alter or amend a judgment without being re-submitted and re-verified for purposes of the latter motion, *see generally McDermott v. Lehman*, 594 F.Supp. 1315, 1317, 1321 (D. Me. 1984), I need not rely on that proposition here.

If the insurance policies are considered, the statutory cap on liability of individual public employees is not waived by the coverage obtained by either town in this case. With respect to defendant Buttrick, the Town of Ogunquit obtained coverage through the Maine Municipal Association Property & Casualty Pool. Defendants' Statement of Material Facts (Docket No. 24) ¶¶ 5-6; Plaintiff's Amended Statement of Material Facts in Opposition to the Statement of Undisputed Material Facts Filed by Defendants Town of Ogunquit, Arnaudin, Buttrick and Faia (Docket No. 46) ¶¶ 5-6 (admitting that the Town of Ogunquit had coverage through the Maine Municipal Association Property & Casualty Pool with coverage for claims arising under state law if its police officers do not enjoy immunity for such claims); *see also* Affidavit of Patricia Arnaudin (Docket No. 24-1) ¶ 5. The Member Coverage Certificate for this coverage provides, in relevant part:

> Coverage amounts for causes of action seeking tort damages pursuant to the provisions of the Maine Tort Claims Act are limited to those specified in 14 M.R.S.A. [§§] 8105 and 8104-D. Liability coverage shall not be deemed a waiver of any immunities or limitation of damages available under the Maine Tort Claims Act, other Maine statutory law, judicial precedent, or common law.

Maine Municipal Association Property & Casualty Pool Member Coverage Certificate, Named Member: Town of Ogunquit (Docket No. 24-3) at 2. This limiting statement means that the

$10,000 damages limit set by 14 M.R.S.A. § 8104-D applies to the claim against defendant Buttrick. *Doucette v. City of Lewiston*, 1997 ME 157, ¶ 10, 697 A.2d 1292, 1295.

The same is true for defendant Titcomb. The Town of Wells, at the relevant time, had obtained coverage under an insurance policy that provided, in relevant part:

> Coverage amount for causes of action seeking tort damages pursuant to the provisions of the Maine Tort Claims Act [is] limited to those specified in 14 M.R.S.A. [§§] 8105 and 8104-D. Liability coverage shall not be deemed a waiver of any immunities or limitation of damages available under the Maine Tort Claims Act, other Maine statutory law, judicial precedent or common law.

Limits of Liability – Maine Tort Claims Act (Docket No. 147-3) at [1]. The insurance policy, thus, does not waive the damages limitation provided by 14 M.R.S.A. § 8104-D.

Finally, the plaintiff argues that the Maine Law Court's decision in *Rippett v. Bemis*, 672 A.2d 82 (Me. 1996), requires that the policy exclusions set forth above be ignored. Opposition at 3-5. However, in that case the issue was coverage for a sheriff who could be held liable for a tort committed by a sheriff's deputy under the doctrine of *respondeat superior*. *Id*. at 88-89. Therefore, the coverage for the sheriff, a county decision-maker, was materially the same as the coverage for the county itself, not that for an individual public employee-tortfeasor. Section 8104-D was not involved. *Rippett*, which preceded *Doucette* by more than a year, would be inconsistent with the later opinion if interpreted as the plaintiff suggests. If that were true, *Doucette* would have overruled *Rippett sub silentio*. I am confident that it did not do so. *Rippett* does not require denial of the motions to amend the judgment in this case.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion to amend the judgment is **DENIED**. The defendants' motions to amend the judgment are **GRANTED**. The clerk shall enter an

7

amended judgment awarding the plaintiff damages in the amount of $10,000.00 against each defendant.

Dated this 31st day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge